**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 4:25-cr-00020-RRB-SAO |
| Plaintiff, | **REPORT AND RECOMMENDATION**[1] **ON DEFENDANT'S MOTION TO SEVER COUNTS** |
| vs. | |
| VINCENT LAWRENCE ROBERTS, | |
| Defendant. | **(Docket 59)** |

## I. INTRODUCTION

Defendant, Vincent Roberts, filed a Motion to Sever Counts on March 31, 2026.[2] The government filed an opposition on April 20, 2026.[3] Oral argument was not requested and was not needed for the court's determination. For the reasons below, the Court RECOMMENDS the motion to sever counts be DENIED and bifurcation of trial as described in the Conclusion Section.

## II. FACTS

Defendant was indicted on two counts of Possession With Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); One count of Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[4] The counts are:

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to Fed. R. Crim. P. 59(b)(3), any objections will be considered by the District Judge who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.

[2] Docket 59.

[3] Docket 65.

[4] Docket 13, Superseding Indictment. The original indictment is at Docket 2. For ease of discussion, this Recommendation simply uses the term 'indictment' to describe the charging document in our case, rather than the term 'superseding indictment.'

COUNT 1 – On or about December 28, 2024, within the District of Alaska, the defendant VINCENT LAWRENCE ROBERTS, did knowingly and intentionally possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), with that violation involving 50 grams or more of methamphetamine, all in violation of 21 U.S.C. § 841(b)(1)(A)(viii).

COUNT 2 – On or about June 26, 2025, within the District of Alaska, the defendant, VINCENT LAWRENCE ROBERTS, did knowingly and intentionally possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), with that violation involving 50 grams or more of methamphetamine, all in violation of 21 U.S.C. § 841(b)(1)(A)(viii).

COUNT 3 – On or about June 26, 2025, within the District of Alaska, the defendant, VINCENT LAWRENCE ROBERTS, knowingly possessed a firearm, namely a KelTec P15 Pistol, in furtherance of a drug trafficking crime as charged in Count 2. All of which is in violation of 18 U.S.C. § 924(c)(1)(A)(i).

COUNT 4 – On or about July 27, 2025, within the District of Alaska, the defendant, VINCENT LAWRENCE ROBERTS, knowing he had previously been convicted by any court of crimes punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce, firearms and ammunition, namely: Smith & Wesson, pistol with laser attachment and magazine; Remington, Model 33, .22 bolt action rifle, Remington .308 ammunition, 16 Federal 30-06 SPRG ammunition, 103 Blazer .40 S&W ammunition; and 20 Winchester .40 S&W ammunition. All of which is in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

2

Defendant argues for severance of each of the counts in the Superseding indictment from each other. Defendant seeks severance for improper joinder under Fed.R.Crim.P. 8(a) or, in the alternative, for relief from prejudicial joinder under Fed.R.Crim.P. 14, and Federal Rules of Evidence 403 and 404.[5]

The government responds that Fed.R.Crim.P. 8(a) allows joinder of offenses that "are of the same or similar character" or "connected with or constitute part of a common scheme or plan."[6] The government contends that "the Defendant fails to demonstrate that joinder of these counts will create manifest prejudice as to outweigh the judicial economy of severing each count for a separate trial [and] moreover, any subconscious prejudice created by joinder of offenses can be remedied by bifurcation or appropriate jury instructions. *See United States v. Lane*, 474 U.S. 438, 450 (1986)."[7]

### III. PRINCIPLES OF LAW

Federal Rule of Criminal Procedure 8(a) states:

The indictment or Information may charge a defendant in separate counts with two or more offenses if the offenses charged -whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

---

[5] Docket 59.
[6] Docket 65 at 2.
[7] *Id*.

3

Rule 8 has been broadly construed in favor of initial joinder.[8] As cited by the parties, *United States v. Jawara* listed appropriate factors for consideration by the court for its determination of "same or similar character" as:

> [T]he elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims.[9]

*Jawara* explains "the weight given to a particular factor will depend on the specific context of the case and the allegations in the indictment. But the bottom line is that the similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment."[10]

When looking at the terms "common scheme or plan," courts generally permit joinder under this test where the counts "grow out of related transactions."[11] *Jawara* further explained that "we ask whether 'commission of one of the offenses [ ] either depended upon [ ] or necessarily led to the commission of the other; proof of the one act [ ] either  constituted [ ] or depended upon proof  of the other.'"[12]

Federal Rule of Criminal Procedure 14(a) states:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

---

[8] *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007), referencing *United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir. 1972).

[9] *Jawara* at 578.

[10] *Id.*

[11] *Id.* at 573, *citing United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996).

[12] *Id.* at 573, *citing United States v. Halper,* 590 F.2d 422, 429 (2d Cir. 1978).

4

Federal Rule of Criminal Procedure 403 states:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

## IV.  CONCLUSIONS OF LAW

The court first looks at whether joinder was proper under Fed.R.Crim.P. 8(a) by examining whether the offenses charged are "of the same or similar character," "based on the same act or transaction," or "connected with or constitute parts of a common scheme or plan."[13]

### A.  Same or Similar Character

To determine whether the counts are "of Same or Similar Character" the court looks at the factors outlined in *Jawara*.

***The elements of the statutory offenses.*** Each count alleges the Defendant possessed with intent to distribute either methamphetamine or a firearm, and the statutory reference. Counts 1 and 2 allege violations of the same statute. Counts 3 and 4 allege violations of two statutes, different from Counts 1 and 2. While Counts 3 and 4 share an element of possession of a firearm, the remaining elements of Counts 3 and 4 clarify the rationale for the prohibition of firearm possession. Count 3 additionally requires that Defendant had committed a drug trafficking crime and the possession of the firearm was in furtherance of that crime. Count 4 additionally requires that the firearms or ammunition had been transported in interstate commerce, that Defendant was prohibited from possessing that firearm or ammunition because of a prior felony conviction,

---

[13] FRCP 8(a).

5

and that he knew he was prohibited from doing so.  For these reasons the statutory elements of Counts 3 and 4 are not similar and do not overlap with each other, or with Counts 1 and 2.

*The temporal proximity of the acts.* Counts 2 and 3 are alleged to have occurred on the same day while Count 1 is alleged to have occurred six months earlier and Count 4 a month after Counts 2 and 3.

*The likelihood and extent of evidentiary overlap.* The timing of the events alleged in Counts 2 and 3 suggests that the drugs and firearm were likely discovered at the same time or during the same investigation, especially considering that conviction for Count 3 requires that the possession of the firearm be in furtherance of a drug trafficking crime. Otherwise, the likelihood and extent of evidentiary overlap between Counts 1 and 4, and Counts 2 and 3, is unknown to the court.

*The physical location of the acts.*  The acts of all the Counts are alleged to have occurred in the District of Alaska.

*The modus operandi of the crimes.* The court cannot surmise any particular *modus operandi*  other than, as the Defense describes, a "vague thematic connection" that essentially drug dealers have and use guns. While the government points out that Counts 1 and 2 allege Possession with Intent to Distribute similar quantities of the same drug (methamphetamine), this does little to show an actual *modus operandi*. The court finds such details insufficient to find a *modus operandi* when looking solely at the language in the indictment. *Jawara* noted that "where

6

the government seeks joinder of counts on the basis 'of same or similar character,' it crafts a barebones indictment at its own risk."[14]

*Identity of the victims.* The court has no specific information on the identity of the victims.

Considering the *Jawara* factors, simply put, there are many more differences than similarities between all of the counts, with the exception of Counts 1 and 2. The drug and gun counts are charged under different statutes and even the firearm counts have very different elements between them. While the government proffered information in their pleading to support their claim that the counts were "of same or similar character," "the validity of the joinder is to be determined solely by the allegations in the indictment."[15] For these reasons, with the exception of counts 1 and 2, the court does not find it "readily apparent or reasonably inferred — from the face of the indictment" that joinder of the remaining counts under the "of the same or similar character" factor is proper.

### B. Common Scheme or Plan

On the other hand, the court does find it is readily apparent from the face of the indictment that all the counts, except Counts 1 and 2, contained in the indictment are "connected with or constitute parts of a common scheme or plan." "Courts generally permit joinder under

---

[14] *Jawara* at 578.
[15] *Id.* at 572.

this test where the counts grow out of related transactions."[16] "When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate."[17]

Here, the government argues that "[t]he overlap of the elements and type of drug alleged for the controlled substance violations combined with the similarity and evidence in temporal proximity indicate Roberts was engaged in a common scheme or plan, i.e. distribution of a controlled substance within Alaska."[18] The court tends to agree. The logical connection of Counts 2 and 3 are "baked in" to the elements of Count 3. Logically, the possession of the firearm *must be in furtherance* of drug trafficking, because the drug offense is alleged to have been committed on the same day as the possession.

Regarding the connection of Count 4 to Counts 1, 2 and 3, the government further argues: "The combination of possessing three pistols within a month of each other in Alaska, two discovered as a result of his arrest for the second controlled substance charge, also shows the counts are logically related with overlapping proof."[19] Restricting its analysis to the face of the indictment, the court discerns that Defendant is alleged to have possessed the firearms and ammunition mentioned in the indictment a month after he is alleged to have possessed the firearm in Count 3 along with the drugs in Count 2.

Initially, the connection of Count 4 to Counts 2 and 3 seems weak. However, examining Counts 3 and 4 and the chronology of events alleged, the logical relationship becomes apparent.

---

[16] *Id.* at 579, citing *Randazzo* at 627.

[17] *Id.* at 579, citing *United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981), citing *United States v. Roselli*, 432 F.2d 879, 899 (9th Cir. 1970).

[18] Docket 65 at 6.

[19] *Id.*

8

The convictions listed under Count 4 also disqualified Defendant from firearm possession a month earlier. Otherwise, Defendant could simply have been charged with a violation 18 U.S.C. 922(g)(1) for "possession of a firearm" instead of the charge of "knowing possession of a firearm in furtherance of a drug trafficking crime" alleged in Count 3. Because of the evidence of drug trafficking, as alleged in Count 2, Defendant was charged with the more serious offense of possession in furtherance of a drug trafficking crime in Count 3. Had Defendant simply been charged with two counts of being a felon in possession of a firearm within a month, there would have been little question whether those offenses were logically related. That logical relationship is not severed merely because Defendant is also alleged to have committed a drug trafficking offense contemporaneously with the wrongful possession of the firearm offense. Even so, the logical relationship amongst the counts here is that the firearms possession was connected to a need for protection of the drug trafficking activity, as is the relationship apparent between Counts 2 and 3, and then with the additional firearms and ammunition offense alleged a month later.[20]

For these reasons, the Court finds that joinder for all counts in the indictment was proper under FRCP 8.

### C. Bifurcation, Not Severance, is the Appropriate Remedy

Defendant asks the court to order separate trials on all counts under Fed.R.Crim.P. 14(a). Defendant argues that all "three kinds of prejudice" may arise out of joinder in this case.[21] More

---

[20] *See United States v. Johnson*, 462 F.3d 815, 822 (8th Cir. 2006).
[21] Docket 59 at 10, *citing United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1975).

9

specifically, he states that "Proof of any set of offenses is neither necessary proof nor even admissible proof (under Evidence Rules 404(b) and 403) to the other offenses."[22] While this argument could apply to nearly any indictment with multiple counts, the dangers of the prejudice identified by the Defendant are typically mitigated through appropriate jury instructions. Our Circuit's test under Rule 14 is whether joinder is actually "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever."[23] It is not that all prejudice or the danger of all prejudice must be eliminated. But also, consideration of our system's mechanism to address that prejudice, which includes voir dire, our jury selection system, and appropriate jury instructions, both during trial and after the conclusion of evidence.

On the particularized issue of felon in possession charges, our Circuit holds there are "two factors in determining whether a defendant has been prejudiced by the consolidation of a felon in possession charge with other, unrelated felon charges: the strength of the evidence against the defendant and the nature and efficacy of the methods employed to guard against prejudice."[24] The court is not prepared to evaluate the strength of the evidence at this point in the proceedings. But to address Defendant's concerns of prejudice he would experience if all counts were tried together the court recommends a bifurcation of the trial into two stages with the first stage covering Counts 1-3, and then after a verdict on Counts 1-3 is reached, a second

---

[22] *Id.*

[23] *United States v. Kinslow,* 860 F.2d 963, 966-67 (9th Cir. 1988), *citing United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976).

[24] *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996).

10

stage of trial to commence before the same jury on Count 4. This court believes that bifurcation, in addition to use of the appropriate jury instructions, will sufficiently address Defendant's concerns raised in his Motion to Sever at Docket 59.

### V.  CONCLUSION

For the foregoing reasons this Court recommends the following:

1.  DENIAL of the Defendant's Motion to Sever Counts at Docket 59;

2.  Bifurcation of trial by the District Judge, first to obtain a verdict on Counts 1 through 3, and second to obtain a verdict on Count 4 by the same jury.[25]

DATED this 5th day of June 2026 at Fairbanks, Alaska.

        s/  SCOTT A. ORAVEC
SCOTT A. ORAVEC
United States Magistrate Judge

A party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court for consideration by the United States District Court Judge, the Honorable Ralph R. Beistline, **on or before 4:00 p.m. on June 10, 2026.** The parties shall otherwise comply with provisions of Local Magistrate Rule 6(a).  The failure to object to a Magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.[26] The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a Magistrate judge's recommendation.[27] Objections shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.[28]

---

[25] *See United States v. Jones*, 123 F.App'x 773, 776 (9th Cir. 2005) referencing use of bifurcation in *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996), as a way to mitigate the prejudicial effect of a prior felony conviction on trial of the other counts.
[26] *McCall v. Andrus*, 628 F.2d 1185, 1187-1189 (9th Cir.), *cert. denied*, 450 U.S. 996 (1981).
[27] *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000).
[28] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).