IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VINCENT LAWRENCE ROBERTS,<br><br>Defendant. | Case No. 4:25-cr-00020-RRB-SAO<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS AND GRANTING MOTION TO SEVER**<br><br>**(Docket nos. 33 & 59)** |

Defendant, Vincent Lawrence Roberts, is now before this Court with a Motion to Suppress Evidence and Statements[1] and a Motion to Sever Counts.[2] Both motions were objected to by the Government. The Magistrate Judge held an evidentiary hearing on April 2, 2026, regarding the Motion to Suppress. No hearing was held regarding the Motion to Sever Counts.

The Magistrate Judge recommended that both motions be denied.[3] Defendant has filed Objections to both.[4] After considering all the relevant papers, the Court

---

[1] Docket 33.
[2] Docket 59.
[3] Docket nos. 77 & 78.
[4] Docket nos. 79 & 80.

Accepts and Adopts the recommendation of the Magistrate Judge denying the Motion to Suppress Evidence and Statements but concludes that severance should be granted as to Count 1.

### A. Motion to Suppress Evidence and Statements

Defendant seeks suppression of all evidence obtained by law enforcement during his arrest on December 28, 2024, and suppression of his statements made following his apprehension and detention after the December 28, 2024, traffic stop, search, and arrest. For the reasons set forth by the Government, and given the furtive conduct of Defendant throughout his encounter with law enforcement, as well as the ever-increasing discovery of incriminating items (i.e. the drugs, alcohol and a firearm), the Court concludes that it was not unreasonable to extend the length of the police contact until Defendant's identity was confirmed. Moreover, given the increasing level of reasonable suspicion on the part of law enforcement, and considering the totality of circumstances, it would have been unreasonable to permit Defendant to depart the scene earlier. **The Motion to Suppress at Docket 33 is DENIED.**

### B. Motion to Sever Counts

Regarding the Motion to Sever, given the temporal and geographical distance between Count 1 and the remaining counts, and for the reasons argued by Defendant, the Court concludes that severance of Count 1 from the remaining counts is in the

interest of justice and that two separate trials must be held. **The Motion to Sever at Docket 59 is GRANTED.**

## CONCLUSION

The Court has reserved the first week of November for one trial and the third week of November for the second. The Government shall notify Defendant of the order of the trials on or before June 18, 2026.

Given that a continuance of the trial of this matter is in the interest of justice as well as in the interest of Defendant and the community, the speedy trial clock shall be tolled until the first day of trial as set forth above.

IT IS SO ORDERED this 12th day of June, 2026, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge